UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA SPRAGUE,

    Plaintiff,

v.                                        Case No: 2:16-cv-88-FtM-29CM

INDEPENDENT BANK,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel Depositions and Motion for Order to Show Cause (Doc. 33) filed on November 4, 2016; Defendant Independent Bank's Response to Plaintiff's Motion to Compel Depositions and Motion for Order to Show Cause, and Motion for Sanctions for Bad Faith, and Incorporated Memorandum of Law (Doc. 39) filed on November 14, 2016; Plaintiff's Motion to Compel Responses to Interrogatories (Doc. 34) filed on November 4, 2016; Defendant Independent Bank's Response to Plaintiff's Motion to Compel Answers to Interrogatories, Motion for Sanctions for Bad Faith and Incorporated Memorandum of Law (Doc. 40) filed on November 14, 2016; and Defendant's Amended Motion to Extend Certain Pretrial Deadlines (Doc. 38) filed on November 11, 2016.

### I. Background

On October 6, 2016, Defendant Independent Bank filed an Objection to Plaintiff's Notice of Taking Deposition, Motion for Protective Order and Incorporated Memorandum of Law ("motion for protective order"). Doc. 28. Defendant sought a

protective order in response to Plaintiff's Notice of Taking Deposition that was served on October 4, 2016 and set an all-day deposition of Defendant's corporate representative on October 7, 2016. Doc. 28-1. Because the deposition was scheduled to occur on the day after the motion was filed, the Court granted the motion without the benefit of a response, but *sua sponte* extended the parties' October 7, 2016 discovery deadline to October 21, 2016 solely for the purpose of allowing the parties to coordinate an alternate date to conduct the deposition of Defendant's corporate representative. Doc. 29.

On October 14, 2016, Defendant filed a Motion for Deposition of Corporate Defendants to be Taken by Remote Means and Incorporated Memorandum of Law ("motion for deposition by remote means"). Doc. 30. Defendant stated that it had identified four individuals that were needed to adequately address all of the areas and issues identified in Plaintiff's Notice of Taking Deposition but that it would be unduly burdensome to have them each travel to Florida from Tennessee to appear in person for their depositions. Doc. 30 at 3. Again, because of the impending discovery deadline only one week after the motion was filed, the Court took the motion under advisement and requested that Plaintiff file a response to the motion on or before 11:59 PM on October 19, 2016. Doc. 31 at 2. Plaintiff did not file a response nor seek an extension of time to do so. Thus, on October 21, 2016, the Court granted the motion. Doc. 32.

## II.     Discussion

### i.     Plaintiff's Motion to Compel Depositions and Motion for Order to Show Cause

On November 4, 2016, Plaintiff filed a Motion to Compel Depositions and Motion for Order to Show Cause ("motion to compel").  Doc. 33.  In support of her motion, Plaintiff has attached several e-mail correspondence between Plaintiff's counsel and Defendant's counsel in an attempt to coordinate the depositions of Defendant's four corporate representatives.  Doc. 33-1.  The e-mails document attempts by Plaintiff's counsel to schedule the deposition of Defendant's corporate representatives since September 19, 2016 without any meaningful response from Defendant's counsel.  Doc. 33-1.  These attempts were not mentioned in Defendant's motion for protective order.  *See* Doc. 28.  The e-mails further show that on October 5, 2016, Plaintiff's counsel was in agreement to seeking an extension of the discovery deadline and rescheduling the October 7, 2016 deposition to a later date.  Doc. 33-1. Despite this correspondence, Defendant's motion for protective order contains a "Certificate of Good Faith" wherein counsel represents that "he has attempted to resolve in good faith this discovery matter prior to filing this motion, and the parties are unable to agree on a resolution."  Doc. 28 at 2.

In its response, Defendant blames Plaintiff for waiting until the eve of the discovery cutoff to begin any meaningful attempts to conduct discovery.  Doc. 39 at 2.  Despite the Court granting an extension to conduct the depositions at issue and granting Defendant's motion for deposition by remote means, Defendant responds that "[Plaintiff] expected me and my client to jump through hoops to make up for his

lack of diligence." *Id.* According to Defendant, it has done its best to accommodate Plaintiff, "to which Plaintiff's counsel has been uncompromising." *Id.*

Plaintiff requests a half day to depose each identified corporate representative and expects to schedule them according to everyone's availability whereas Defendant expects that all four deponents be deposed on the same day or on two back-to-back days, and has offered only November 7 and November 8, 2016 as available dates for himself and the corporate representatives. *See e.g.*, Doc. 39 at 3. Because Plaintiff's attorney is unavailable on those dates to conduct the four depositions back-to-back, and has offered several other days to depose the representatives separately, Defendant's counsel views this as an unwillingness to compromise. It appears that Defendant is using the Court's Order dated October 21, 2016 as a shield in its apparent duty to cooperate and schedule these depositions at mutually available times. Defendant claims

> in order to meet the spirit of the Order by avoiding an undue burden of cost, I specifically asked for two back to back dates, or to have all done in one day. . . . Spreading the depositions out over four different days is a flagrant snub to the Court's order as it would simply result in Defendant's counsel buying four plane tickets to Memphis for each deposition.

Doc. 39 at 4. Of important note, however, nowhere in its motion for deposition by remote means did Defendant alert the Court that the parties had not scheduled the depositions of its corporate representatives or that they were having difficulty doing so. *See* Doc. 30. To the contrary, although Defendant did not expressly state that the depositions had been coordinated, the Court was led to believe that the only remaining issue regarding the depositions was travel arrangements of the corporate

representatives, and not dates or availability of the representatives or counsel.[1] *Id*. Additionally, Defendant did not alert the Court that its counsel was planning to travel to Memphis to be with his client in person during these remote depositions or that in addition to requesting that depositions occur remotely it would demand that they occur on the same day or on two back to back days. Defendant, therefore, was less than forthcoming with the Court; had the Court been aware of this information, it would have evaluated the motion differently. The spirit of the Court's order was to allow the parties to conduct these depositions within the extended discovery deadline of October 21, 2016 in the most efficient way possible so that this case can proceed without the need to alter the Case Management and Scheduling Order.

Now, after it already has represented to the Court that four individuals "would be required to testify" as to the matters identified in Plaintiff's Notice of Taking Deposition," Defendant informs the Court that "due to [Plaintiff's counsel's] inability to meet the spirit of the Court's order to avoid an undue burden and expense," Plaintiff has now identified only one individual to serve as the corporate representative; the parties have agreed to schedule her deposition for November 15, 2016. Doc. 39 at 5. Because Plaintiff's counsel filed the motion to compel after the parties scheduled the deposition of the one corporate representative, Defendant

---

[1] For instance, in its first paragraph, Defendant identified the Notice of Taking Deposition of Defendant Independent Bank's corporate representatives; in the third paragraph it informed the Court that four individuals had been identified that would be required to testify; and in the second paragraph it recognized that the Court granted the parties until October 21, 2016 to complete the depositions. Doc. 30 at 1 ¶¶ 1-3.

moves to sanction Plaintiff's counsel for bad faith in seeking to compel the remaining corporate representatives.  Doc. 39 at 5-6.

A party "may depose, any person, including a party, without leave of court except as provided in Rule 30(a)(2)."  Fed. R. Civ. P. 30(a)(1).  If a party names a private corporation as the deponent, the named corporation "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  The persons designated "must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  "The party seeking discovery must describe the matters with reasonable particularity and the responding corporation or entity must produce one or more witnesses who can testify about the corporation's knowledge of the noticed topics."  *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) (citation omitted).  Moreover, "[t]he designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice."  *Id.* (citation omitted).  A party's failure to comply with its Rule 30(b)(6) obligations exposes it to various sanctions, including imposition of costs, preclusion of testimony, and entry of default.  *Id.* at 690; *see also Sciarretta v. Lincoln Nat. Life Ins. Co.*, 778 F.3d 1205, 1213 (11th Cir. 2015) (discussing the court's inherent power to impose sanctions *sua sponte* upon a finding of bad faith in meeting Rule 30(b)(6) obligations).  Additionally, a party's failure to properly designate a Rule 30(b)(6) witness can be viewed as non-appearance by that party, thus justifying the imposition of sanctions against it.  *Id.*  However, simply because a designee

cannot answer every question on a certain topic does not necessarily mean that the corporation failed to meet its Rule 30(b)(6) obligation.  *Id.* at 691.

Defendant claims that it is not required to produce the person with the most knowledge for the corporate deposition; however, it has identified the one person "it feels best to answer the questions."  Doc. 39.  This does not change the fact that Defendant's counsel represented to the Court that four individuals were "required" to answer the questions in the topics identified by Plaintiff.  The Court does not take lightly counsel's Rule 11(b) obligations.  *See* Fed. R. Civ. P. 11(b).

Moreover, based on the pleadings before it, the Court can gather that the parties have been less than civil and cooperative in their attempts to schedule these depositions.  The Local Rules provide that "[a]ttorneys and litigants should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."  M.D. Fla. R. 2.04(h); *see also* Middle District Discovery (20015) at 3 ("Discovery in this district should be practiced with a spirit of cooperation and civility.").  Demanding that depositions of four corporate representatives occur on only two designated days when opposing counsel is unavailable is in contravention of the local rules of this Court.  Accordingly, because of Defendant's own admission that four individuals would be required to respond to the topics identified in Plaintiff's Notice of Taking Deposition, if the testimony of the corporate representative scheduled for November 15, 2016 is not satisfactory, Plaintiff may notice the deposition of the remaining corporate representatives previously deemed to have knowledge of the topics identified in its Notice within the new deadlines discussed

below. Defendant must cooperate with Plaintiff to schedule the depositions at a mutually agreeable time, even if they must be conducted in separate half-day increments. Should Defendant insist, the depositions shall be taken by remote means. Should the parties need extra time to conduct these depositions, they may agree to a short extension of the discovery deadline to accomplish that goal; however, the Court expects that the parties will cooperate amongst themselves and not involve the Court in such small concession. As officers of the Court, the Court expects no less.

### ii. Plaintiff's Motion to Compel Responses to Interrogatories

Plaintiff states that on September 23, 2016, Plaintiff served her first Request for Interrogatories and Request for Production of Documents upon Defendant. Doc. 34 at 1. On October 24, 2016, Defendant's counsel sent an e-mail to Plaintiff's counsel stating: "Our discovery response are due today. Can we get an extension until Friday of this week? We just need to finalize them and put them together." Doc. 34-1 at 2. Plaintiff agreed. Doc. 34 at 1. Plaintiff states that the following day Defendant sent its responses to the interrogatories in which it objected to all of Plaintiff's interrogatories, on the basis that "a party may serve on any other party no more than 25 written interrogatories." *Id.* at 2 (citing Fed. R. Civ. P. 33). Plaintiff states that she withdrew seven of her interrogatories, bringing the total number of interrogatories to twenty-five; however, Defendant refused to answer the remaining interrogatories. *Id.* In response, Defendant states that Plaintiff is misrepresenting to the Court because Defendant did not refuse to answer the interrogatories but asked

Plaintiff to serve an amended list, to which Plaintiff never replied. Doc. 40 at 2-3. In any event, Defendant states it has served its unverified answers to the Court's interrogatories on Plaintiff on November 14, 2016. *Id.* at 1. It also states that upon execution of the answers, it will serve a carbon copy of the verified answers. The Court accepts Defendant's representations that it served its unverified responses and will serve its executed responses, and finds this motion moot, with the exception that to the extent Defendant has not already done so, it shall serve the verified answers no later than seven (7) days from the date of this Order. *See* Fed. R. Civ. P. 11(b).

### iii. Parties' Requests for Sanctions Against Each Other

Plaintiff requests sanctions against Defendant pursuant to Rule 30(d)(2) for "impeding, delaying, and frustrating the fair examination of [the corporate] representatives." Doc. 33 at 7. Plaintiff also requests sanctions against Defendant pursuant to Rule 37(d)(1)(A)(ii) and attorney's fees pursuant to Rule 37(a)(5)(A) for its failure to respond to the interrogatories. Doc. 34 at 3. On the other hand, Defendant requests sanctions against Plaintiff's counsel for bad faith in bringing her motion to compel and for the cost of Defendant's paralegal to have to reformat Plaintiff's interrogatories in order to comply with the rules of procedure.[2] Docs. 39 at 6; 40 at 3. Although the Court is less than pleased with both parties' conduct in this case, because the parties are equally at fault, both motions are denied.

---

[2] After Plaintiff agreed to withdraw certain interrogatories to comply with Rule 33, Defendant's counsel e-mailed "I would prefer that you serve a new set of interrogatories with those specific numbers removed and I will get the answers to you," which Plaintiff's attorney interpreted as a "refus[al] to answer the remaining twenty-five interrogatories." Docs. 34 at 2; 34-1 at 10. Plaintiff never sent the reformatted questions.

Pursuant to Rule 30(d)(2), "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).  Pursuant to Rule 37(d)(1)(A)(ii), the Court may sanction a party after its failure to serve its answers, objections, or written response to properly served interrogatories.  Fed. R. Civ. P. 37(d)(1)(A)(ii).  Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted, or if discovery is provided after the motion was filed, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  The Court must not, however, order payment of attorney's fees if the movant filed the motion before attempting in good faith to obtain the disclosure without court intervention.  Fed. R. Civ. P. 37(a)(5)(A)(i).  Moreover, as the Eleventh Circuit has held,

> "Courts have the inherent power to police themselves and those appearing before them. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). The key to unlocking that inherent power is a finding of bad faith. *Barnes v. Dalton,* 158 F.3d 1212, 1214 (11th Cir.1998). Once unlocked, the power carries with it the authority to assess attorney's fees as a sanction for bad faith conduct. *Chambers,* 501 U.S. at 45–46, 111 S.Ct. at 2133.

*Sciarretta*, 778 F.3d at 1212.  Because the Court finds both parties equally culpable and unwilling to cooperate in their duties imposed by the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, neither party will be sanctioned at this time.

First, the Court is not satisfied with Defendant's explanation of its misleading "Certificate of Good Faith" in its motion for protective order. Doc. 30 at 2. In its motion, Defendant's counsel certified that he "has attempted to resolve in good faith this discovery matter prior to filing this motion, and the parties are unable to agree on a resolution," despite Plaintiff having agreed to jointly move for an extension of the discovery deadline and reschedule the deposition, thereby rendering the motion for protective order, which was premised on insufficient notice, moot. *Id.*; Doc. 33-1 at 7. Regarding this, Defendant offers the following explanation:

> Independent Bank's counsel's initial thought was that it would be best to extend the discovery deadline to avoid any issues; however, after more consideration, it was not Defendant's issue as Defendant is not seeking the deposition at the final hour and therefore no extension was sought.

*Id.* at 2-3. Yet, it is Defendant who now seeks an extension of the pre-trial deadlines due to the delays in scheduling the depositions. Doc. 38. The purpose of Local Rule 3.01(g) is to avoid needless litigation, as it fosters communication between the parties and helps resolve disputes without court intervention. This obligation is not to be taken lightly. Neither is a counsel's obligation under Rule 11(b). *See* Fed. R. Civ. P. 11(b). If Defendant was concerned about avoiding an undue expense, it would have taken its Rule 3.01(g) obligation more seriously and not engage in conduct likely to lead to unnecessary motion practice, wasting the parties' time and expenses as well as scarce judicial resources.

In this respect, Plaintiff is not without fault either. It is apparent from the parties' e-mail correspondence that Defendant's counsel has offered to speak on the phone regarding the various issues; however, Plaintiff's counsel has insisted on e-

mail correspondence which Defendant admits has led to some "misunderstanding," especially with respect to the motion to compel responses to interrogatories. Doc. 40 at 2. Both attorneys present different versions of their understanding of each other's emails. It is also clear to the Court that Plaintiff's counsel did not meaningfully confer with opposing counsel prior to bringing her motion to compel answers to interrogatories.

What is also perplexing to the Court is that on November 11, 2016, Defendant filed an Amended Motion to Extend Certain Pretrial Deadlines in which Defendant's counsel certifies that he conferred with Plaintiff's counsel and was advised that Plaintiff objects to the motion. Doc. 38 at 2. Yet, in her motion to compel responses to interrogatories, Plaintiff also requests an extension of the discovery deadline. Doc. 34 at 4. An extension of the discovery deadline, by any time, would necessarily require the extension of the remaining pretrial deadlines as the dispositive motion, *Daubert*, and *Markman* motions deadline was November 9, 2016. Doc. 22 at 1. Thus, the Court cannot conceive why Plaintiff would object to a motion seeking essentially the same relief that she is seeking.

In addition to Plaintiff's motion to compel responses to interrogatories being denied as moot because Defendant represents that it already responded, the motion for sanctions also is due to be denied for failure to meaningfully confer prior to bringing the motion and for the motion being untimely when filed. Pursuant to the Court's Case Management and Scheduling Order ("CMSO"), the discovery deadline was October 7, 2016. Doc. 22 at 1. The CMSO provides, "[e]ach party shall timely

serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline." *Id.* at 2.  On October 7, 2016, the Court extended the discovery deadline to October 21, 2016 "only for the *limited* purpose of conducting the deposition of Defendant's corporate representative."  Doc. 29 (emphasis added).  Plaintiff filed her motion to compel answers to interrogatories on November 4, 2016, well after the discovery deadline.  Moreover, Plaintiff served her first Request for Interrogatories and Request for Production of Documents upon Defendant on September 23, 2016. A written response or objection to an interrogatory is due within thirty days after service.  Fed. R. Civ. P. 33(b)(2).  Thus, the rules would not have allowed a response prior to the discovery deadline of October 7, 2016.

Although the Court declines to impose sanctions at this time, both parties are warned that the Court will not hesitate to exercise its inherent power to do so in the future should similar conduct continue.

      iv.    Motion to Extend Deadlines

Because of the foregoing issues with discovery, Defendant seeks to extend the pre-trial deadlines in this matter.  Although Plaintiff apparently objects to this request, Plaintiff also seeks to extend the discovery deadline.  An extension of the discovery deadline would necessitate the extension of the dispositive motions deadline, currently set for November 9, 2016, and the trial deadline, currently scheduled for March 6, 2017.  Doc. 22 at 2.  As the parties were informed since the entry of the CMSO, "[i]n light of the district court's heavy felony trial calendar, at least four months are required before trial to receive memoranda in opposition to a

motion for summary judgment, and to research and resolve the dispositive motion sufficiently in advance of trial."  Doc. 22 at 3.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.  *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).  Rule 16 requires a showing of good cause for modification of a court's scheduling order.  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).  Based on the pleadings before it and the parties' conduct, the Court finds the parties have not been diligent in attempting to meet the CMSO deadlines despite previous orders of the Court in its efforts to move this case to a reasonably timely and orderly conclusion.  See Docs. 29, 32.  Nevertheless, the Court will chose to exercise its discretion and extend the deadlines by a short period of time, by separate order, given its ruling on Plaintiff's motion to compel.   The parties are warned, however, that the Court is not likely to entertain future requests for extensions of deadlines or look favorably upon future gamesmanship and lack of civility that the parties have exhibited thus far.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Motion to Compel Depositions and Motion for Order to Show Cause (Doc. 33) is **GRANTED in part**.  If the testimony of the corporate representative scheduled for November 15, 2016 is not satisfactory, Plaintiff may notice the depositions of the remaining corporate representatives previously deemed to have knowledge of the topics identified in Plaintiff's Notice of Taking Deposition within the new discovery deadline.  Defendant must cooperate with Plaintiff to schedule the depositions at a mutually agreeable time, even if they must be conducted in separate half-day increments.  Should Defendant insist, the depositions shall be taken by remote means.  The Court declines to assess sanctions at this time.

2.      Plaintiff's Motion to Compel Responses to Interrogatories (Doc. 34) is **DENIED as moot**; however, because Defendant has represented that it already has provided unverified answers and intends to serve the verified answers to Plaintiff's First Set of Interrogatories, the Court orders that it does so within seven (7) days from the date of this Order.  The Court declines to assess sanctions at this time.

3.      Defendant's Motions for Sanctions for Bad Faith, and Incorporated Memorandums of Law (Docs. 39, 40) are **DENIED**.

4.      Defendant's Amended Motion to Extend Certain Pretrial Deadlines (Doc. 38) is **GRANTED**.  The discovery deadline is extended to **December 15, 2016.** An amended Case Management and Scheduling Order with the remaining deadlines will be entered under separate cover.

DONE and ORDERED in Fort Myers, Florida on this 16th day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record